UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIFFORD MADDEN,<br>　　　　Petitioner,<br>　　v.<br>BOARD OF PAROLE HEARINGS,<br>　　　　Respondent. | Case No. 18-cv-06107-VC　(PR)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

　　　　Gifford Madden filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a November 1, 2016 ruling of the Board of Parole Hearings on three grounds: (1) no evidence supports the Board's decision that he is unsuitable for parole; (2) the denial of parole resulted in a statutorily disproportionate term; and (3) his continued confinement constitutes cruel and unusual punishment. On January 31, 2019, the respondent filed a motion to dismiss. Madden's opposition was due on February 28, 2019, but he has not filed it, nor has he communicated with the court since the motion to dismiss was filed. Based on its review of the petition and the motion, the court grants the motion to dismiss.

## DISCUSSION

### I. Claim that No Evidence Supported Board's Decision

　　　　Madden claims no evidence supported the Board's denial of parole based on its finding that he was a risk to public safety.

　　　　In *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011), the Supreme Court explained that, in the context of parole, a prisoner subject to a parole statute like California's "received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." If the petitioner received at least that much process, the federal court's habeas review is at an end. *Id.* *Swarthout* reversed the Ninth Circuit's decision in *Cooke v. Solis,* 606 F.3d 1206 (9th Cir. 2010), and overruled several cases that had held the federal

habeas court could grant relief if there was not some evidence to support the denial of parole by the parole board or the Governor.

After *Swarthout*, a federal habeas court has no authority to determine whether a parole board's decision was based on some evidence. *Id.* at 220-21. And from the transcript of Madden's hearing before the parole board that he submitted with his petition, it is clear Madden received an opportunity to be heard and a statement of the reasons why parole was denied. Therefore, he received all the process that was due under the Constitution.

## II. Disproportionate Term and Cruel and Unusual Punishment

Madden's claims that he is serving a disproportionate term which constitutes cruel and unusual punishment are based on an interpretation of California Penal Code sections and California cases about parole, prison terms and sentencing. However, a federal habeas court may only consider claims based on a violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62-67-68 (1991). Therefore, the claims based upon a disproportionate term and cruel and usual punishment are denied for lack of federal jurisdiction. Furthermore, there is no federal constitutional right to be released on parole before the expiration of a valid sentence.

Because the petition must be dismissed based on the foregoing, the court does not address the respondent's argument that the petition is untimely.

## CONCLUSION

The motion to dismiss is granted. Dismissal is without leave to amend as amendment would be futile. The Clerk shall enter a separate judgment and close the file.

**IT IS SO ORDERED**

Dated: August 1, 2019

_____
VINCE CHHABRIA
United States District Judge